JOURNAL ENTRY and OPINION
{¶ 1} A jury found appellant, Michael Hibbitt ("appellant"), guilty of drug trafficking and drug possession. The trial court sentenced appellant to 11 months in prison, to be served consecutively to the 12-year prison sentence the trial court imposed in another case after appellant pled guilty to felonious assault with a firearm specification and having a weapon under a disability. Appellant appeals his conviction and sentence.
 I. {¶ 2} For his first assignment of error, appellant argues that the trial court erred in denying his motion for judgment of acquittal as to the charges of drug trafficking and drug possession. He contends that the state failed to present sufficient evidence that he possessed or used crack and there was no "buy" money found on appellant's person when he was arrested. However, appellant's argument lacks merit.
 {¶ 3} Crim.R. 29(A) provides in pertinent part as follows:
 {¶ 4} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 5} In reviewing the record for insufficiency of evidence, this court must determine whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could find the essential elements of drug trafficking and drug possession proven beyond a reasonable doubt. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 6} R.C. 2925.03, drug trafficking, provides in pertinent part:
 {¶ 7} "(A) No person shall knowingly do any of the following:
 {¶ 8} "(1) Sell or offer to sell a controlled substance;
 {¶ 9} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 10} Drug possession, R.C. 2925.11(A), provides as follows:
 {¶ 11} "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 12} When looking at the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of drug trafficking and drug possession proven beyond a reasonable doubt. Here, an informant was used by the police to purchase crack from appellant. The police testified that the informant was searched prior to the drug buy, given "buy" money, and dropped off in the area suspected of drug activity. Other police officers testified that they surrounded the area, some watched the actual drug transaction and others were nearby to provide backup. Appellant exited from a car, stood in front of a bar, was approached by the informant, and entered the bar. Less than a minute later, one of the police officers testified that he observed appellant exit the bar, walk back to the car, hand the informant a small object, and receive from the informant the "buy" money. The informant returned to the police officer and handed him a rock of crack.
 {¶ 13} The car in which appellant was seated drove off and the police followed. When the police pulled the car over and informed the occupants that drugs were found, appellant blurted out that the police could not charge him with anything because he did not have the "buy" money in his possession. Although the police officers searched the area for the "buy" money, they could not locate it. Appellant was later arrested and charged with drug trafficking and drug possession.
 {¶ 14} Although appellant argues that there was no evidence to show that he possessed, used, sold, or prepared for sale crack because no drugs and no "buy" money were found on his person, he is discounting the reasonable inferences that may be made based on the evidence of the police officers who observed the drug buy. The informant had one purpose — to purchase crack with the "buy" money given to him from the police. He approached appellant, gave him the "buy" money, and returned to the police with a rock of crack. Any rational trier of fact could have concluded that appellant possessed, sold or distributed crack to the informant sheerly on the testimony that the "buy" money was gone and the informant had the crack. This fact, coupled with appellant's statement made to the police immediately after being pulled over, could lead any rational trier of fact to conclude the essential elements of drug trafficking and drug possession were proven beyond a reasonable doubt. Thus, appellant's first assignment of error is overruled.
 II. {¶ 15} Appellant next argues that his convictions are against the manifest weight of the evidence based on the same argument raised in his first assignment of error; that is, without the "buy" money or any drugs in his possession, his convictions for drug trafficking and drug possession cannot stand. However, the jury did not lose its way in finding appellant guilty of drug trafficking and drug possession, especially here where the weight of the evidence leads the reasonable juror to conclude that the state proved the offenses beyond a reasonable doubt. Appellant's second assignment of error is overruled.
 III. {¶ 16} For his final assignment of error, appellant contends that the trial court erred by ordering appellant to serve a consecutive sentence without making appropriate findings required by R.C. 2929.14(E)(4). However, as recently held by the Ohio Supreme Court in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, ¶ 100, ___ N.E.2d ___, the trial court is "no longer required to give [its] reasons for imposing" consecutive sentences. Because R.C. 2929.14(E)(4) has been severed by theFoster court, the trial court's reliance here upon R.C.2929.14(E)(4) to impose a consecutive sentence requires this court to remand the matter to the trial court for resentencing consistent with Foster and State v. Mathis, ___ Ohio St.3d ___,2006-Ohio-855, ¶ 38, ___ N.E.2d ___ (holding that while "the trial court is no longer compelled to make findings and give reasons at the sentencing hearing," the trial court "must carefully consider" R.C. 2929.11, which provides the purposes of sentencing and R.C. 2929.12, "which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.")
Judgment affirmed in part, vacated in part and remanded to the trial court for resentencing consistent with Foster.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., concur.